KATHARINE HALBEN, Respondent, *against* BERNARD REILLY, SHERIFF OF THE CITY AND COUNTY OF NEW YORK, Appellant.

(Decided June 7th, 1880.)

In an action against the sheriff of the city and county of New York for conversion of certain property claimed by the plaintiff under foreclosure of a mortgage, it appeared that a warrant of attachment was issued to the sheriff with instructions to levy the same on the property in question, which was at that time in the possession of a city marshal under an attachment previously issued from a district court in the city of New York. The sheriff left a copy of the warrant of attachment issued to him with the marshal's watchman, but the marshal retained possession of the goods. Afterwards, the plaintiff having claimed the property from the sheriff, and a trial by a sheriff's jury of the validity of the claim having resulted in favor of the plaintiff, the sheriff directed the property to be delivered to the plaintiff ; but the marshal refused to give up the goods, and they were afterwards sold, by whom did not appear. *Held,* that upon such proof it was erroneous to instruct the jury that they might find for the plaintiff if they thought her title free from fraud, and if they thought the acts of the sheriff amounted to "such an assumption of power over the property by the sheriff as led him to claim or retain it to satisfy the attachment;" and that, in view of the facts that the marshal was in possession of the property before, during and after the sheriff's attempt to execute his attachment, and that it was the marshal and not the sheriff who withheld the property from the plaintiff, a verdict for the plaintiff was against the evidence.

APPEAL from a judgment of this court entered on the verdict of a jury, and from an order denying a motion for a new trial.

The action was brought to recover for the alleged deten-
tion by the defendant, as sheriff, under a warrant of attach-
ment, of certain goods claimed by the plaintiff. The facts are
stated in the opinion. Upon the trial, the jury found a verdict
for the plaintiff, and a motion by the defendant for a new trial
was denied, and judgment for the plaintiff was entered on the
verdict. From the judgment and the order denying his mo-
tion for a new trial, the defendant appealed.

*H. W. Bookstaver*, for appellant.

*George W. Wilson*, for respondent.

VAN HOESEN, J.—On October 3, 1878, Henry Wehle, as
plaintiff in person, obtained from the third district court an
attachment for a debt of $5 against John Lampert and Charles
Pfaendler, which attachment was levied by a city marshal upon
certain property in a dining saloon at 494 Broadway. The
plaintiff asserts that she was the mortgagee of the property
upon which the levy was made, and that she was entitled to
the possession of it at the time of the making of the levy.
The jury have found in her favor on this point, and there was
sufficient evidence to sustain that finding. On the day after
the making of the levy, Wehle, acting as the attorney for
Charles Pfaendler, obtained from the marine court an attach-
ment against the property of the John Lampert already men-
tioned, which attachment was placed in the hands of Reilly,
the defendant, who was then sheriff, to be served. A man of
the name of Young, an attache of Deputy Sheriff Shiels, was
sent to levy the attachment, with instructions to go to 494
Broadway, and seize the property in the dining saloon. When
Young arrived at the saloon, he found the doors closed, and a
watchman in possession of the premises, who had been placed ·
there by Marshal Daly, the officer who had levied Mr. Wehle's
attachment in the suit for the recovery of $5. Young there-
upon served upon the watchman a copy of the warrant issued
by Judge McAdam, in the suit of Pfaendler against Lampert,
and withdrew from the premises. It appears that on several

occasions afterwards, either Young or Deputy Sheriff Shiels called at the saloon, but there is no evidence that either of them, or that any other person by the authority of the defendant Reilly, ever was in possession of the property claimed by the plaintiff, or of the saloon in which it was used. On the contrary, it was proved by the plaintiff's witnesses that Marshal Daly's watchman remained in possession of the premises and the property throughout the entire course of the proceedings to which the plaintiff resorted for the purpose of obtaining the property without bringing an action of claim and delivery. After the attachment in the marine court suit was received by the sheriff, the plaintiff claimed the property which the marshal had levied on, and which she supposed had also been seized by the sheriff. The sheriff then proceeded to impanel a jury to try the validity of the plaintiff's claim (Co. e Civ. Pro. § 657), and by their inquisition, the jury found the property to have been in the plaintiff at the time of the levy.

If the sheriff had not levied upon the goods, the statute gave him no right to impanel a jury to try the validity of the plaintiff's claim (Code Civ. Pro. § 657). It is said, however, by the sheriff's counsel, that at common law, and independently of any statute, the sheriff, if in doubt as to the title of any property which he was requested to seize, had a right to call a jury to inquire as to the title; and that on this occasion the sheriff was availing himself of his common law privilege. Tidd's Practice (marg. p. 1047), gives color to the counsel's proposition, for it is there said that if the sheriff doubt whether the goods pointed out to him are the defendant's, he may summon a jury *de bene esse*, to satisfy himself. It is unnecessary, however, to inquire whether the sheriff possesses at the present time the power to impanel a jury to try the title to property upon which he has not levied, for the evidence is that, after the inquisition of the jury, the sheriff directed the withdrawal of any claim which his deputy might have asserted upon the property. Mr. Johnson, the plaintiff's witness, swore that Mr. Cuming, the under sheriff, ordered the deputy to give him, as the plaintiff's agent, possession of the property, and that the deputy accompanied him to the saloon, which they found in

the keeping of the man placed there by Marshal Daly, who had had charge of the premises from the first. Daly's man permitted him to enter, but turned the key upon him, and refused to permit him to remove anything, and to give up the key. It was said by Johnson that the goods were afterwards sold, though it did not appear when, or by whom.

It is certain, therefore, that the sheriff never did anything more than leave a copy of the warrant of attachment with the marshal's watchman, that the marshal was in possession at the time the warrant was given to the sheriff, and that the marshal never gave up possession to the sheriff. It is also certain that the sheriff withdrew all claim upon the property, that he did what he could to restore the property to the plaintiff, and that the plaintiff did not obtain possession simply because the marshal refused to give up the goods. This evidence, it seems to me, disposed of, and answered, the allegation of the complaint that the sheriff failed to deliver, and wrongfully withheld the property. It is the plaintiff's evidence, and is supported by the evidence for the defendant. Upon such proof it was erroneous to instruct the jury that they were at liberty to find for the plaintiff if they thought her title free from fraud, and if they thought the acts of the sheriff amounted to " such an assumption of power over the property by the sheriff as led him to claim or retain it to satisfy the attachment." A levy can be made of tangible property only by the sheriff's taking the same into his actual custody (Code Civ. Pro. § 649; *Seymour* v. *Newton*, 17 Hun, 30).

The sheriff did not take this property into his actual custody, and there was no evidence to warrant the jury in finding that he retained it to satisfy the attachment. The claim which he made he abandoned, and the property which he endeavored to deliver to the plaintiff was held by another officer under legal process over which he had no control. The sheriff should not be held liable for the acts of the marshal, but the effect of this verdict is to compel him to pay the plaintiff for goods, of which the marshal kept possession during the time that the warrant of attachment was in the sheriff's hands.

Of course, it was proper for the plaintiff to argue from the

fact that the sheriff summoned a jury to try the plaintiff's claim of title, and from the fact that he ordered the property to be released, that he had made a levy upon the property. These facts, if unexplained, would have warranted a verdict in the plaintiff's favor, but in view of the evidence which showed the possession of the marshal before, during and after the sheriff's attempt to execute the attachment, and that it was the marshal, and not the sheriff, who withheld the property from the plaintiff, I think the verdict against the evidence.

I think the judgment should be reversed, and a new trial ordered, with costs to abide the event.

LARREMORE and J. F. DALY, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide event.